IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

   v.

PAUL A. WINFIELD,

           Defendant.

ORDER

01-cr-9-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Defendant Paul A. Winfield has filed a motion for an extension of time within which to file his notice of appeal or, in the alternative, a motion to clarify why the court of appeals believes his notice of appeal dated October 9, 2008 may be two days late. I am denying defendant's motion to clarify as moot, because the Court of Appeals for the Seventh Circuit has already responded to an identical motion defendant filed in that court. In addition, I am denying defendant's motion for an extension of time to file his notice of appeal because it is too late for this court to grant him such an extension and, in any event, an extension appears to be unnecessary.

    With respect to defendant's motion for clarification, the court of appeals entered the following order on December 31, 2008:

1

Copy of this document has been provided to: plaintiff &amp; defendant
this ___ day of Jan, 20 __
by _____
M. Hardin, Secretary to Judge John C. Shabaz

A review of the "Motion to Clarify" filed by appellant on December 17, 2008, reveals that appellant has not responded to the court's inquiry regarding the timeliness of this appeal. Accordingly,

IT IS ORDERED that appellant file a notarized statement or a declaration (in compliance with 28 U.S.C. § 1746) which (1) sets forth the date the notice of appeal was deposited in the prison's internal mail system, and (2) states whether first class postage was prepaid. See Federal Rules of Appellate Procedure 4(c). Appellant's statement or declaration shall be filed on or before January 14, 2009.

The reference in the first paragraph of this order to "the court's [earlier] inquiry regarding the timeliness" of defendant's appeal is a reference to an order entered by the court of appeals on October 27, 2008, in which the court told defendant that his appeal from this court's September 23, 2008, order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 and U.S.S.G. 706 was to have been filed within 10 days of the date of the order he was appealing. In other words, defendant's appeal was to have been filed by October 7, 2008. (Weekends and holidays are not counted in computing the 10-day period.) The court of appeals noted that defendant's appeal was filed on October 9, 2008, which suggested it was two days late. However, the court of appeals offered defendant two options. First, it said that defendant could ask this court for an extension of time to file his appeal "as soon as possible." In the alternative, defendant could file with the court of appeals no later than November 7, 2008, an affidavit or declaration stating that he deposited his notice of appeal in the prison's internal mail system with first class postage prepaid

2

before his October 7, 2008 deadline for filing a notice of appeal expired. See Fed. R. App. P. 4(c) and Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal deemed timely if it is delivered to prison authorities with prepaid postage within the applicable time limit).

Defendant appears not to have complied with the court of appeals's October 27 order, and the court of appeals has responded to defendant's motion for clarification by removing one of his choices. His only choice now is to provide proof that he mailed his notice of appeal before the time for filing his appeal expired. Whether the court of appeals' order provides the clarification defendant is looking for is of no moment. The motion has been decided and it is moot in this court.

With respect to defendant's request for an extension of time to file his notice of appeal, I note that this request was not filed until December 17, 2008, which is well after the time for filing such a motion expires. Fed. R. App. P. 4(a)(5)(A) permits a district court to extend the time to file a notice of appeal if the party moves for such an extension "no later than 30 days after the time prescribed by this Rule 4(a) expires." In this case, the time defendant had to file his notice of appeal expired on October 7, 2008, and the thirty-day period within which to ask for an extension expired on November 6, 2008.

That defendant missed the deadline for filing a motion for an extension of time to file his notice of appeal should not harm him, however, because even if I could have considered

3

the motion, I would have denied it as unnecessary. This is because the back of the envelope bearing defendant's notice of appeal shows that defendant's notice was mailed from the Terre Haute, Indiana penitentiary where defendant is confined on October 6, 2008. The envelope bears two stamps, one a date stamp showing the date of "Oct 06 2008," and the other reading:

U.S. Penitentiary<br>
Terre Haute, IN 47808<br>
Date <u>(Stamped Oct 06 2008)</u>

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee: please return the enclosure to the above address.

Thus, although this court does not have the authority to decide definitely whether defendant's appeal was timely filed, it appears that it was. Therefore, I am forwarding a copy of the envelope to defendant and the court of appeals for whatever value it may hold.

ORDER

IT IS ORDERED that

1. Defendant's motion to clarify is DENIED as moot; and

2. Defendant's motion for an extension of time within which to file a notice of appeal

4

is DENIED as untimely.

Entered this ___2d___ day of ~~December~~ January, 2009 2008.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge

U.S. Penitentiary
Terre Haute, IN 47808
Date OCT 06 2008

OCT 06 2008

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.